NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1203
_____

UNITED STATES OF AMERICA

v.

ROBERT SCOTT, II, a/k/a Lil Rob, a/k/a Clever

Robert D. Scott, II, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-05-cr-00443-012)
District Judge:  The Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed:  June 29, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Robert Scott, II pleaded guilty to conspiracy to transport individuals for purposes

of engaging in prostitution, coercing and enticing individuals to travel to engage in

prostitution, and interstate travel with intent to distribute proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a), and 1952(a). He also pleaded guilty to a separate count of interstate transportation for purposes of prostitution, in violation of 18 U.S.C. § 1952(a)(3).

Quoting Scott's brief, he appeals the following:

> 1. Whether the cross-reference to section U.S.S.G. 2G1.1 of the advisory guidelines should apply because no evidence was produced which was not hearsay, subject to cross-examination or otherwise secured with the indicia of reliability and clear and convincing evidence.
>
> 2. Whether sufficient evidence existed to permit a two point enhancement under U.S.S.G. 2A3.1(b)(4)(B) because bodily injury is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. 2241 or 2242 or any similar offense under state law.

Appellant's Brief, p. 1. We review the factual findings of the District Court for clear error and have plenary review over the District Court's interpretation of the Guidelines. *United States v. Jimenez*, 513 F.3d 62, 85 (3d Cir. 2008).

The District Court established a base offense level according to U.S. Sentencing Guidelines Manual § 2G1.1 (2006). He claims that the District Court improperly applied the cross-reference to section 2A3.1 in calculating his sentence because it credited unreliable hearsay evidence, not subjected to cross-examination, that he personally prostituted minors.

His objection to such evidence as unreliable hearsay is irrelevant because there is no question that the conspiracy—which included Scott's father among the co-conspirators—routinely lured minors and young women into prostitution, and then kept

them prostituting by creating an environment of fear through the use of coercion, manipulation and physical brutality against them. This conduct was commonplace in the conspiracy. Scott even acknowledges that his co-conspirators used violence against the victims. As such, the record contains ample evidence of relevant, reasonably foreseeable conduct to support the District Court's cross-reference to section 2A3.1.

Likewise, Scott's assertion of error regarding the District Court's application of a two-level enhancement for serious bodily injury, section 2A3.1(b)(4), misses the point. As noted above, Scott's guilty plea makes all reasonably foreseeable acts of co-conspirators relevant conduct for purposes of the enhancement. Therefore, even were we to disregard evidence of Scott's violence towards women and girls that he prostituted, the record is replete with testimony of victims who had broken bones, concussions, and deep lacerations from beatings they suffered at the hands of co-conspirator pimps. Scott does not deny knowledge of the violence and injury inflicted by his co-conspirators, he merely argues that did not have any control over their conduct. The District Court did not err by attributing this enhancement to Scott in calculating his sentence.

For these reasons, we will affirm the judgment of sentence of the District Court.